### R. C. BELL v. THE STATE.

#### No. 7633.   Decided April 18, 1923.

**1.—Fornication—Transcript—Delay.**

While the court can understand why the clerk should have delayed forwarding a complete transcript to this court, yet we cannot forbear to express our condemnation of the inexcusable neglect on the part of some one for the long delay.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of fornication, the evidence was sufficient to support the conviction, there is no reversbile error.

Appeal from the County Court of Hopkins.   Tried below before the Hon. Homer L. Pharr.

Appeal from a conviction of fornication; penalty, a fine of three hundred dollars.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant General, for the State.

HAWKINS, JUDGE.—Conviction is for fornication with punishment assessed at a fine of three hundred dollars.

The case was tried at the October term of court, 1921. Only a partial transcript was originally filed in this court and then not until the 19th day of January, 1923. The original transcript contained no affidavit or information, but shows a certificate from the clerk that they had been lost, destroyed, or were in the hands of some person and could not be found, and had not been returned to the clerk's office so they could be placed in the transcript. It has been with difficulty the assistant attorney general has been able to secure a substitution of these lost documents in the trial court in order that his case might be considered upon its merits. We can readily understand why the clerk should have delayed forwarding an incomplete transcript to this court without having the affidavit and information to insert therein, but we can not forbear to express our condemnation of the inexcusable neglect on the part of someone for the long delay incident to the presentation of this case to this court for review.

No bills of exception appear in the record. We gather from the statement of facts that appellant is a white man. He is charged with the offense of fornication with a negro woman. She was used as a witness by the State. Her testimony is positive and leaves no question as to the guilt of appellant. It shows beyond controversy that from August, 1920 to January, 1921 he had habitual carnal intercourse with her. She had secured a divorce from her husband and he one from his wife. The corroboration of her testimony is sufficient to meet the requirement of the law. Their constant association was testified to by many witnesses who had seen them out riding together in appellant's car; his car was on almost every night seen parked at the woman's house.

The evidence is amply sufficient to support the judgment and its affirmance is ordered.

*Affirmed.*